UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isaias Mosqueda-Cisneros, et al., | No. 2:20-cv-00729-KJM-DB |
| Plaintiffs, | |
| v. | ORDER |
| United States of America, et al., | |
| Defendants. | |

This case arises from a physical altercation between plaintiff Isaias Mosqueda-Cisneros and Immigration and Customs Enforcement (ICE) employees, and Mr. Mosqueda's subsequent detention at the Yuba County Jail. Plaintiffs Mr. Mosqueda and his wife, Erica Tenerio, filed this case to pursue claims against the United States and ICE for negligence and loss of consortium under the Federal Tort Claims Act. Plaintiffs are also pursuing claims against Yuba County and several unnamed employees, agents, and policymakers for excessive force and other constitutional claims. Defendant United States moves for summary judgment on the two claims brought against it. Because both claims are time-barred, the motion is **granted**.

I.   BACKGROUND

The following facts are undisputed except as noted. On April 3, 2018, ICE agents arrested Mr. Mosqueda for immigration-related charges. *See* Statement of Undisputed Facts (SUF) ¶ 1,

/////

1

ECF No. 28–2. When ICE employees attempted to fingerprint him at ICE's Sacramento office, a physical altercation broke out. *See id.* ¶ 2.

Mr. Mosqueda alleges ICE employees "struck, punched, kicked, strangled, and eye-gouged" him, and this caused him to lose consciousness for hours. *See* Second Amended Complaint (SAC) ¶¶ 31–36, ECF No. 24. He also alleges he "remained insensible for at least 24 hours" afterwards. *See id.* ¶ 22. He offers no evidence in support of these allegations. The only relevant evidence before the court is Mr. Mosqueda's medical records from Yuba County Jail. *See* Frueh Decl. Exs. 9–13, ECF No. 28-15–19. On a medical intake form dated April 3, 2018 at 10:13 p.m., staff noted that Mr. Mosqueda has experienced "no loss of consciousness" within the past 24 to 48 hours. *See* Intake Form at 4,[1] Frueh Decl. Ex. 9, ECF No. 28-15. Medical records dated three days later indicate that Mr. Mosqueda reported losing consciousness for five minutes in connection with the altercation at the ICE facility. *See* Progress Notes at 2, Frueh Decl. Ex. 10, ECF No. 28-16. The medical records do not contain other references to loss of consciousness. *See generally* Frueh Decl. Exs. 9–13. Taken in the light most favorable to Mr. Mosqueda, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), this evidence shows that he was unconscious for five minutes.

After the physical altercation, an injured Mr. Mosqueda was transported from the ICE facility to Rideout Memorial Hospital, and from there to Yuba County Jail. *See generally* Frueh Decl. Ex. 9. Within weeks, Mr. Mosqueda had retained the attorney who represents him in this action, and he was released from Yuba County Jail soon thereafter. *See* Bond Redetermination Brief at 7, Frueh Decl. Ex. 6, ECF No. 28-12 (signed April 23, 2018); Custody Actions Docket at 2, Bailey Decl. Ex. 4, ECF No. 28-9 (released on bond May 3, 2018).

Almost two years after Mr. Mosqueda's initial arrest, plaintiffs' counsel sent pre-suit administrative tort claims to ICE on behalf of Mr. Mosqueda and his co-plaintiff and wife Erica Tenerio. *See* Frueh Decl. Ex. 7 at 2, 4, ECF No. 28-13. The claims were deposited with FedEx on April 2, 2020, *see* Frueh Decl. Ex. 8 at 2, ECF No. 28-14, and received by ICE on April 7,

---

[1] To avoid confusion, pages cited here are those printed on the top right page of the document by the CM/ECF system.

2020, *see* Head Decl. ¶ 3, ECF No. 28-5; *see also* Head Decl. Ex. 2 at 2, ECF No. 28-6.[2] Later that year, Mr. Mosqueda was removed to Mexico. *See* Bailey Decl. Ex. 5 at 2, ECF No. 28-10.

As noted above, Mr. Mosqueda and Ms. Tenerio have brought claims against the United States, ICE, Yuba County, and several unnamed employees. *See generally* SAC. The United States has moved for summary judgment on both claims against it. *See generally* Mot., ECF No. 28; Reply, ECF No. 33. Plaintiffs filed an untimely response without engaging the government's substantive arguments. *See generally* Opp'n, ECF No. 31. Rather, plaintiffs argue the United States' pre-answer motion for summary judgment was premature and that its early filing establishes all allegations in the operative complaint. *See id.* at 3–5. The court disagrees. "[A] motion for summary judgment may be brought prior to filing an answer." *Hale v. Beneficial Fin.*, 225 F.3d 662 (9th Cir. 2000) (citing *Gifford v. Travelers Protective Ass'n of America*, 153 F.2d 209, 210 (9th Cir. 1943)); *see also* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Nevertheless, even when summary judgment is effectively unopposed, the court maintains "an obligation to evaluate independently the sufficiency of the moving papers." *Cristobal v. Siegel*, 26 F.3d 1488, 1496 (9th Cir. 1994). The court conducts the required independent evaluation below.

## II.   LEGAL STANDARD

A court may grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be

/////

---

[2] On April 6, 2020, plaintiffs' claims were received by the Consolidated Remote Delivery Site (CRDS), a contractor-operated facility that screens incoming mail for the Department of Homeland Security. *See* SUF ¶¶ 16–17; *see also* McCleary Decl. ¶ 4, ECF No. 28-3; McCleary Decl. Ex. 1 at 2, ECF No. 28-4. Because a claim is "presented" for purposes of the Federal Tort Claims Act when a federal agency receives it, *see* 28 C.F.R. § 14.2, and because the statutory definition of "federal agency" excludes "any contractor with the United States," 28 U.S.C. § 2671; *see also* 28 C.F.R. § 14.1, the date on which CRDS received the claims is not relevant here. Even if it were, the April 3, 2020 deadline for presentation of plaintiffs' claims had already passed when CRDS received the claims.

resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The moving party bears the initial burden of showing the district court "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita*, 475 U.S. at 585. In carrying their burdens, both parties must cite "particular parts of materials in the record," show "the materials cited do not establish the absence or presence of a genuine dispute," or show "an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Even if the nonmovant does not present evidence or dispute movant's analysis of the evidence, "the moving party retains its burden to demonstrate the absence of any issue of material fact." *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 (9th Cir. 1994).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**III.   ANALYSIS**

   **A.   Claims against the United States**

Mr. Mosqueda's negligence claim is time-barred. Before suing the United States in tort, a plaintiff must first present a claim to the appropriate federal agency, and must do so within two years of the claim's accrual. *See* 28 U.S.C. § 2401(b); *Gallardo v. United States*, 755 F.3d 860, 863–64 (9th Cir. 2014). A claim is presented when the agency receives it. *See* 28 C.F.R. § 14.2; *see also Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1251–52 (9th Cir. 2006) (mailbox rule does not supersede 28 C.F.R. § 14.2). The claim that Mr. Mosqueda submitted to ICE describes the April 3, 2018 physical incident when he says ICE employees struck, punched, kicked, and eye-gouged him. *See* Frueh Decl. Ex. 7 at 2. It does not describe anything that took place after April 3, 2018. *Id.* Thus, for this claim to have been timely, ICE would have had to receive it on

1    or before April 3, 2020.  *See* 28 U.S.C. § 2401(b).  Because undisputed facts establish that ICE

2    did not receive the claim until April 7, 2020, *see* Head Decl. ¶ 3; *see also* Head Decl. Ex. 2 at 2,

3    Mr. Mosqueda's claim against the United States is time-barred unless equitable tolling applies.

4            "Long-settled equitable-tolling principles instruct that generally, a litigant seeking

5    equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his

6    rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Kwai Fun*

7    *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom.*, *United States*

8    *v. Wong*, 575 U.S. 402 (2015) (internal quotation marks and alterations omitted).  Equitable

9    tolling "does not apply when a late filing is due to claimant's failure to exercise due diligence in

10   preserving his legal rights."  *Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019).

11           Mr. Mosqueda falls short at both steps.  As to the first, nothing in the record indicates he

12   has been diligent in pursuing his rights.  Mr. Mosqueda retained counsel before April 23, 2018,

13   when he had more than 23 months to submit his claim to ICE.  *See* Frueh Decl. Ex. 6 at 7

14   (counsel in present action signed brief on his behalf on April 23, 2018).  Mr. Mosequeda provides

15   no explanation for his inability to timely submit his claim.  Nor does the record indicate any

16   extraordinary circumstances standing in Mr. Mosqueda's way.  To the contrary, it appears the late

17   filing was due to Mr. Mosqueda's "failure to exercise due diligence in preserving his legal

18   rights."  *Redlin*, 921 F.3d at 1140.  His negligence claim against the United States is time-barred.

19           Ms. Tenerio's claim against the United States for loss of consortium is also time-barred.

20   Like her husband's, Ms. Tenerio's administrative complaint references only the events of April 3,

21   2018.  *See* Frueh Decl. Ex. 7 at 4.  And like her husband's, Ms. Tenerio's administrative

22   complaint was received by ICE on April 7, 2020.  *See* Head Decl. ¶ 3; Head Decl. Ex. 2 at 2.

23   Ms. Tenerio can establish neither the diligence nor the extraordinary circumstances required to

24   benefit from equitable tolling.  *See Wong*, 732 F.3d at 1052.

25           Summary judgment is granted in favor of the United States on plaintiffs' negligence and

26   loss of consortium claims.

27   /////

28   /////

**B.    Claims against ICE**

The United States reports that "[a]s a result of the parties' meet-and-confer efforts, Plaintiffs' Second Amended Complaint substituted the United States in lieu of [ICE] as a defendant."  Reply at 4.  But plaintiffs' Second Amended Complaint continues to allege ICE is liable.  *See, e.g.*, SAC ¶¶ 11 (identifying ICE as defendant), 44 ("This Cause of Action is alleged against . . . ICE"), 51 (same).  But the court agrees with the United States that the Federal Tort Claims Act only authorizes claims against the United States, not individual federal agencies.  *See* 28 U.S.C. § 1346(b)(1); *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States."); *West v. City of Mesa*, 708 F. App'x 288, 290–91 (9th Cir. 2017).  The court dismisses any claims remaining against ICE.

## IV.    CONCLUSION

For the foregoing reasons, the United States' motion for summary judgment is **granted in full**.  The clerk is directed to terminate ICE and the United States as defendants.

This order resolves ECF No. 28.

IT IS SO ORDERED.

DATED:  March 22, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

6